FILED
SUPERIOR COURT
OF GUAM

2019 MAR 26 PM 3:26

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0087-18 |
| vs. | |
| ALLEN JAMES LIZAMA SIMITARA, DOB: 08/04/1988 | DECISION AND ORDER (Defendant's Motion to Suppress; Burden of Proof) |
| DEFENDANT. | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Allen James Lizama Simitara's ("Defendant") Motion to Suppress. Attorney Karlo Dizon represents the Defendant. Assistant Attorney General Matthew A. Phelps represents the People of Guam ("People"). Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's request that the burden of proof in this suppression matter be placed on the People.

### BACKGROUND

On February 2, 2018, a Superior Court of Guam Judge authorized a search warrant for Defendant's residence. Mot. to Suppress, Ex. A (Jan. 2, 2019). The search warrant was based upon confidential information provided to Guam Police Department officers. Id. The search warrant authorized the search of Defendant's residence for cellular phones or electronic devices, illicit drugs, drug paraphernalia, currency, and ledgers. Id. On or about February 9, 2018, members of

CF0087-18, People vs. Simitara
DECISION AND ORDER (Defendant's Motion to Suppress; Burden of Proof)

Page 1 of 4

ORIGINAL

the Guam Mandaña Drug Task Force and Guam SWAT executed the search warrant on Defendant's residence in Talofofo. Magistrate's Complaint (Feb. 10, 2018). The search returned a small amount of suspected methamphetamine, as well as packaging materials, a digital scale, US currency, and drug paraphernalia. Id. Defendant subsequently admitted to possessing and selling methamphetamines Id. On January 2, 2019, Defendant filed a Motion to Suppress Evidence, seeking to exclude all physical evidence seized from Defendant's residence during the February 9, 2018 search. Mot. to Suppress.

On March 15, 2019, a Motion Hearing was held on Defendant's Motion to Suppress. During the Hearing, the Court determined that there was an outstanding dispute as to which party bore the burden of proof in this motion and that arguments could not be heard on the merits of the Motion to Suppress until such issue was resolved. The Court then took the matter under advisement and instructed the parties to provide additional briefs regarding this issue.

## DISCUSSION

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. The Amendment's protections are extended to Guam via the Organic Act of Guam. See 48 U.S.C.A. § 1421b (West 2017). Every search and seizure of a person, or their house, papers, and effects, must be reasonable to be constitutionally permissible. See People v. Chargualaf, 2001 Guam 1 ¶ 14. A seizure that is not authorized by a duly issued warrant is presumed unreasonable. Id. (citing Pennsylvania v. Strickler, 757 A.2d 884, 888 (Pa. 2000)).

"The defendant bears the burden of proof when a search or seizure is conducted pursuant to a warrant; however, the People bear the burden of proof when a warrantless search or seizure occurs." People v. Santos, 1999 Guam 1 ¶ 51. "The difference in the two situations can be explained by the fact that if a search is made pursuant to a warrant therein lies a presumption of legality, without which the necessity to obtain warrants would be obviated." Id. at fn 10. In the present case, there is no dispute that a valid search warrant was issued to authorize the search of Defendant's residence. However, the parties dispute 1) whether the search warrant was properly presented to Defendant during the search 2) whether the search was conducted in a reasonable

manner, and 3) in the event the Court finds that the executing officers failed to properly present the search warrant to Defendant, the parties dispute the effect of such failure.

The Court finds that these disputes have no bearing as to which party bears the burden of proof in this matter. The Guam Supreme Court has made clear a defendant bears the burden of proof in a suppression matter based upon the execution of a search warrant. Here, the search of Defendant's residence was conducted pursuant to a search warrant signed by a judge of the Superior Court of Guam on February 2, 2018.

Defendant argues that the officers' entry into his home without presenting a valid and lawful warrant is tantamount to a warrantless search. Mot. to Suppress at 5. The Court disagrees. Defendant relies on United States v. Prescott, 581 F.2d 1343, 1347 (9th Cir. 1978). In Prescott, the Ninth Circuit Court of Appeals held that a home occupant can refuse admission to an officer who demands entry but presents no warrant, but limited its holding to "passive" refusals rather than forcible resistance. Id. at 1350-1351. The Ninth Circuit ruled that refusal to allow entry to an officer who does not present a warrant cannot be deemed evidence of a crime, but the Prescott decision does go as far as to say that a search in such manner is equivalent to a warrantless search. Further, the Prescott decision does not contemplate the effect of such failure on the burden of proof at a subsequent suppression hearing.

Defendant further argues that the search was conducted in an unreasonable manner, and that whenever the reasonableness of a search warrant's execution is in question, the People bear the burden to prove that the execution was reasonable. Def's Response to People's Surreply (Mar. 19, 2019). To support this argument, Defendant cites United States v. Warren, 181 F. Supp. 2d 1232, 1242 (D.Kan. 2001). "The government bears the burden to prove that the execution of the search warrant was reasonable." Id. Defendant further cites United States v. Moore, 91 F.3d 96, 97 (10th Cir. 1996). "The central issue in this appeal is whether the government met its burden of demonstrating that state law enforcement officers were excused from the "knock and announce" requirement." Id. The Court notes that neither of these cases is controlling in our jurisdiction, and further that neither of these cases actually involves a dispute as to which party bears the burden of proof in any given situation. The Court finds that these federal decisions cannot be reconciled with the Guam Supreme Court's broad holding in Santos that a defendant bears the burden of proof in suppressing evidence obtained during a search pursuant to a warrant.

Defendant fails to provide sufficient legal authority to persuade the Court to deviate from the plain language of Santos, which states that a defendant bears the burden of proof when a search or seizure is conducted pursuant to a warrant. Determining whether the warrant was properly presented to Defendant does not have any bearing on whether or not the search was conducted pursuant to a valid warrant, but may be probative in a determination of whether the search was conducted in a reasonable manner. The issue of whether the search was conducted in a reasonable manner may be relevant in determining whether the evidence will ultimately be suppressed, but it does not provide grounds to shift the burden of proof to the People.

## CONCLUSION

Thus, by preponderance of the evidence and based on the foregoing reasons, the Court finds that the burden of proof at the suppression hearing is on Defendant.

A **Motion Hearing** is set for _May 17, 2019_ at _2 p.m._

SO ORDERED _3/26/19_.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

MAR 26 2019 Time: 330 PM

Deputy Clerk, Superior Court of Guam